UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE HARDWICK,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | NO. EDCV 08-422 AGR<br><br>MEMORANDUM OPINION AND ORDER |

Lonnie Hardwick filed this action on April 7, 2008. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before Magistrate Judge Rosenberg on April 18 and August 11, 2008. On November 25, 2008, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The Court has taken the matter under submission without oral argument.

Having reviewed the entire file, the decision of the Commissioner is affirmed.

///

///

///

///

**I.**

## PROCEDURAL BACKGROUND

On October 27, 2005, Hardwick filed an application for supplemental security income benefits, alleging disability beginning on June 30, 2004. A.R. 5. The application was denied initially and upon reconsideration. *Id.* An Administrative Law Judge ("ALJ") conducted a hearing on September 6, 2007, at which Hardwick and a medical expert ("ME") testified. A.R. 18-36. On November 15, 2007, the ALJ issued a decision denying benefits. A.R. 3-11. On February 9, 2008, the Appeals Council denied Hardwick's request for review. A.R. 15-17.

This lawsuit followed.

**II.**

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

///
///
///

# III.

# DISCUSSION

### A. Disability

"A person qualifies as disabled, and thereby eligible for such benefits, only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and internal quotation marks omitted).

### B. ALJ's Findings

The ALJ found that Hardwick has the following severe impairments: "active polysubstance abuse and dependence with schizoaffective disorder secondary to active polysubstance abuse." A.R. 7. Hardwick's impairments meet two listings. A.R. 8. Therefore, the ALJ found that Hardwick is under a disability. A.R. 5.

Proceeding to the drug abuse and alcoholism analysis ("DAA Analysis"), the ALJ found that "a substance use disorders [sic] is a contributing factor material to the determination of disability." A.R. 5. The ALJ found that if Hardwick "stopped the substance use, the remaining limitations would not significantly limit his ability to perform basic work activities." A.R. 9.

### C. The ALJ's Duty to Develop the Record

Hardwick argues that the ALJ failed to fully and fairly develop the record before finding that a substance abuse disorder is a contributing factor material to the determination of disability. JS at 8. Hardwick argues that the ME's testimony is inconclusive as to the source of his "significant psychiatric disturbance." *Id.*

"An individual shall not be considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). The

purpose of the statute was "to discourage alcohol and drug abuse, or at least not to encourage it with a permanent government subsidy." *Ball v. Massanari*, 254 F.3d 817, 824 (9th Cir. 2001).

Hardwick does not cite or address the Ninth Circuit's opinion in *Parra v. Astrue*, 481 F.3d 742 (9th Cir. 2007), *cert. denied*, 128 S. Ct. 1068 (2008). In *Parra*, the Ninth Circuit described the implementing regulations as requiring the ALJ to "conduct a drug abuse and alcoholism analysis ('DAA Analysis') by determining which of the claimant's disabling limitations would remain if the claimant stopped using drugs or alcohol." *Parra*, 481 F.3d at 747 (citing 20 C.F.R. §§ 404.1535(b)). "If the remaining limitations would still be disabling, then the claimant's drug addiction or alcoholism is not a contributing factor material to his disability. If the remaining limitations would not be disabling, then the claimant's substance abuse is material and benefits must be denied." *Id.*

The Ninth Circuit held that "the claimant bears the burden of proving that drug or alcohol addiction is not a contributing factor material to his disability." *Id.* at 748. In *Parra*, the medical expert testified that "'there is no way for me to know' whether Parra's cirrhosis was irreversible in 1994 or 1995 because the record was insufficient to support a conclusion either way." *Id.* at 749. Parra argued that inconclusive evidence was sufficient to satisfy a claimant's burden. The Ninth Circuit rejected that argument, which "effectively shifts the burden to the Commissioner to prove materiality." *Id.* "An alcoholic claimant who presents inconclusive evidence of materiality has no incentive to stop drinking, because abstinence may resolve his disabling limitations and cause his claim to be rejected or his benefits terminated. His claim would be guaranteed only as long as his substance abuse continues – a scheme that effectively subsidizes substance abuse in contravention of the statute's purpose." *Id.* at 750. The Ninth Circuit concluded that "Parra bore the burden of proving that his alcoholism was not a contributing factor material to his cirrhosis-related disability." *Id.*

4

Just as in *Parra*, Hardwick argues that the ME's testimony was inconclusive. (JS at 8, 10.) The ME reviewed all of the medical records and observed him at the hearing. A.R. 29-30. The ME testified that Hardwick's symptoms are consistent with substance abuse. A.R. 32. In addition, Hardwick does not present as schizophrenic. He is oriented, he knows his circumstances, and he is responsive emotionally to his situation "with an affect that is consistent with his personality style." A.R. 32-33. Given these circumstances, "I have to conclude that his symptoms are primarily arising from an ongoing alcohol and drug abuse." A.R. 33. When questioned as to temporary effects shown on a medical record dated September 2005 (A.R. 33), the ME acknowledged the amphetamine abuse but stated that the most dangerous drug Hardwick had used was PCP, which "completely ruins one's mental status." A.R. 33-34.

Hardwick argues that at the end of his testimony, the ME stated: "There is absolutely evidence that he has psychiatric symptoms. The question is, what is the source of it." JS at 8 (quoting A.R. 34). This testimony appears to be merely a restatement of the issue presented, but in any event cannot be taken in isolation. As noted above, the ME previously testified: "I have to conclude that his symptoms are primarily arising from an ongoing alcohol and drug abuse." A.R. 33.

But even assuming the ME's testimony can be deemed inconclusive, the decision in *Parra* indicates that under those circumstances it is the claimant who fails to carry his burden. *Parra*, 481 F.3d at 748-50.

Hardwick argues that the ALJ failed to properly develop the record. "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th cir. 2001). This principle, however, cannot be used to shift the claimant's burden of proving disability to the ALJ. *Id.* at 459. As applied to the issue in this case, the

duty to develop the record does not shift the burden of proving that drug or alcohol use "is not a contributing factor material to his disability."[1] *Parra*, 481 F.3d at 748.

Here, the ALJ did not find that the evidence was ambiguous or inadequate to allow for proper evaluation of the evidence. The ME did not recommend any additional testing and did not testify that he needed additional testing before rendering an opinion. *Cf. Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (physician stated he would "have to see more evidence" before rendering an opinion). The ALJ permitted Hardwick to submit additional detailed written testimony but counsel declined, stating: "I don't know that I can extract anything else other than what the doctor gave. That sounds really it." A.R. 35. Thus, contrary to Hardwick's argument, the ALJ did offer to keep the record open for submission of supplemental evidence. JS at 10; *Tonapetyan*, 242 F.3d at 1150 (duty to develop record satisfied by keeping record open for additional evidence).

The ALJ did not err. To the extent Hardwick argues the ALJ had a duty to search for evidence that might show substance abuse was not a material contributing factor to his disability, Hardwick's argument is speculative and squarely rejected by *Parra*.

### D.     Hardwick's Credibility

The ALJ found that Hardwick's statements "that the symptoms are not related to substance abuse are not credible." A.R. 8. In a conclusory argument, Hardwick contends that "the ALJ failed to provide legally sufficient reasons to support" his finding. JS at 13.

The ALJ must offer "specific, clear and convincing reasons" for discounting a claimant's credibility. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir.

---

[1] In *Parra*, the Ninth Circuit held that the definition of the term "disability" was amended "such that an individual 'shall not be considered disabled' if drug or alcohol use is material to his disability." *Parra*, 481 F.3d at 748.

6

2007). "If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002); *Morgan v. Commissioner of the Social Security Administration*, 169 F.3d 595, 600 (9th Cir. 1999).

Hardwick argues that he testified to his auditory hallucinations. JS at 10-11; A.R. 21-22. Contrary to Hardwick's argument, the ALJ did not reject this testimony. The ALJ found him "essentially credible concerning the alleged symptoms and limitations: At the hearing, he emphasized how he heard voices commanding him to hurt himself and others and how this worsened when he forgot to take his medication." A.R. 8.

Hardwick does not address any of the ALJ's reasons for discounting his (and his wife's) credibility as to the statements that the symptoms are not related to substance abuse. The ALJ relied on four reasons: (1) lack of evidence of treatment for the problem; (2) inconsistencies in the histories the claimant provided his treating source before and after the hospitalization in September 2005; (3) a treating psychiatrist's diagnosis of a possible personality disorder with anti-social personality traits; and (4) contradictions between his testimony at the hearing and the evidence of record. A.R. 8-9.

There is a lack of evidence of substance abuse treatment in the record. *See* A.R. 198. Hardwick does not contend otherwise.

The ALJ may properly rely on inconsistencies in the history of alcohol or substance use in the medical record. *See Thomas*, 278 F.3d at 959 (inconsistent statements about alcohol use); *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (same). The ALJ cites A.R. 160, in which Hardwick denied a history of substance abuse on October 1, 2005; A.R. 171, in which "the patient admits

///
///
///

7

using amphetamine" on September 16, 2005;[2] and A.R. 183, in which the patient appears to deny use of PCP on May 14, 2005. A.R. 8. The ALJ also cited A.R. 198, in which Hardwick describes previous use of PCP, speed, cocaine, marijuana and alcohol,[3] and A.R. 211-218, in which Hardwick gave a different history.[4] A.R. 7. Hardwick does not dispute that he gave inconsistent histories of substance abuse.

The ALJ correctly states that a treating psychiatrist stated, on Axis II, rule out "personality d/o - antisocial trait." A.R. 8, 193. During that visit, Hardwick said he had thoughts of beating up his landlord, who was going back on his word, but did not act on it. A.R. 190.[5] The ALJ interpreted this diagnosis to mean that the examiner found Hardwick's presentation "suspicious." A.R. 8. However, the court does not find any basis for the ALJ's interpretation.

---

[2] In A.R. 171, Dr. Tran wrote: "History of substance use, the patient admits using amphetamine. However, he would not elaborate the detail." *Id.* Tran diagnosed "psychotic disorder, not otherwise specified, secondary to amphetamine abuse." A.R. 172.

[3] "Etoh" is shorthand for alcohol. *See Bousquet v. Apfel*, 118 F. Supp. 2d 1049, 1053 (C.D. Cal. 2000). Under the section "Substance Problems" in an evaluation dated September 22, 2005, the record indicates Hardwick used the following substances: Etoh (2-3 years earlier); marijuana (when he was 15-16 years old); cocaine (when he was in his 30s); speed (in 2004); and PCP (daily since he was 15 or 16 years old through 2003). A.R. 198. In response to the question as to unsuccessful efforts to cut down or stop, Hardwick responded yes to PCP. *Id.*

[4] Although the ALJ cited A.R. 211-212, Hardwick's substance use history is contained in A.R. 214. Hardwick's wife reported to the examining psychiatrist that Hardwick "has never drank in his life," but Hardwick admitted to five or six DUIs and thought he used to drink maybe three or four beers a day. A.R. 214. Hardwick's wife said she thinks he "possibly" stopped using PCP in 2003, but Hardwick said he does not know when he stopped and appeared evasive. *Id.* Hardwick said he was arrested for being under the influence of PCP and served three years for a DUI. *Id.* At the hearing, Hardwick testified that he was last released from custody in 2004 on a charge of "under the influence" with a three-year sentence, of which he served 18 months. A.R. 22.

[5] A.R. 193 is page 2 of 2. A.R. 193. There is no page 1 of 2 either directly before or after it in the record. However, there is a page 1 of 2 dated October 31, 2005. A.R. 190.

An ALJ may properly rely on inconsistencies in a claimant's testimony. *Thomas*, 278 F.3d at 958-59. The ALJ referenced Hardwick's testimony that he had not had any alcohol or illicit drugs "for years." A.R. 8. Hardwick testified that it had been years since he last had a drink. A.R. 21-22. On the other hand, in response to the examining psychiatrist, Hardwick said he drank maybe three or four beers a day and does not know when he stopped. A.R. 214. In addition, Hardwick testified at the hearing that "we walk the dog." A.R. 26. The ALJ relied on inconsistencies in Hardwick's responses to follow-up questions. A.R. 8. At first, Hardwick confirmed that he walks the dog with a friend. A.R. 27. When asked how he is able to go out and walk the dog when he hears voices and is tired all the time, Hardwick changed his response and said he does not go out, his friend comes in, and he lets the dog out of the house to do its business by itself. A.R. 27-28. When asked whether that is a different response than "walking the dog," Hardwick became agitated. A.R. 28. Hardwick does not dispute inconsistencies in his testimony.

Even assuming that the ALJ erred in relying on the third reason regarding a permissible inference from the treating psychiatrist's record, error in one finding does not automatically result in remand. In *Carmickle v. Comm'r of the Soc. Sec. Admin.*, 533 F.3d 1155 (9th Cir. 2008), the Ninth Circuit concluded that two of the ALJ's reasons for making an adverse credibility finding were invalid. The court held that when an ALJ provides specific reasons for discounting the claimant's credibility, the question is whether the ALJ's decision remains legally valid, despite such error, based on the ALJ's "remaining reasoning *and ultimate credibility determination*." *Id.* at 1162 (italics in original). Therefore, when, as here, an ALJ articulates specific reasons for discounting a claimant's credibility, reliance on an illegitimate reason(s) among others does not automatically result in a remand. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) ("in light of all the other reasons given by the ALJ for Batson's lack

of credibility and his residual functional capacity, and in light of the objective medical evidence on which the ALJ relied, there was substantial evidence supporting the ALJ's decision"). Accordingly, the ALJ's erroneous third reason does not warrant remand in light of the other valid reasons for discounting Hardwick's credibility.

### E. The Remaining Grounds

Hardwick argues that the ALJ did not properly consider his treating physician's opinion and GAF score of 20 in September 2005, did not consider his mother's statements in a Function Report, and did not obtain testimony from a vocational expert. JS at 3, 13, 15.

Each of these grounds goes to the ALJ's disability determination under the five-step sequential analysis. Neither the treating physician nor the mother gave evidence concerning the DAA analysis. Nor does Hardwick describe what relevant evidence a vocational expert could give on the issue of whether substance abuse was a contributing factor material to a finding of disability. Given that the ALJ found Hardwick disabled after the five-step sequential analysis, any error would be harmless. *Parra*, 481 F.3d at 747 (because the DAA analysis relies upon a finding of disability after the five-step sequential analysis, "any error in arriving at that initial conclusion would not affect the ALJ's ultimate decision that Parra's alcoholism was material to his cirrhosis").

///
///
///
///
///
///
///
///

## IV.

## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: March 27, 2009

_____
ALICIA G. ROSENBERG
United States Magistrate Judge